No. 18,590.

ADAM SCOTT, SR., et al., *Appellants*, v. ADAM SCOTT, JR., *Appellee.*

Appeal from Pottawatomie district court; ROBERT C. HEIZER, judge. Opinion denying a rehearing filed March 21, 1914. (For original opinion see *ante*, p. 372, 137 Pac. 971.)

*W. F. Challis,* and *E. C. Brookens*, both of Westmoreland, for the appellants.

*A. E. Crane, E. D. Woodburn,* and *F. T. Woodburn,* all of Holton, for the appellee.

*Per Curiam:* In a petition for rehearing it is stated that a clause in the opinion (*Scott v. Scott*, ante, p. 372, 137 Pac. 971) purporting to state the decision of the district court is erroneous. It was said:

The district court decided that the reservation in the deed was invalid and insufficient to reserve to plaintiffs, or either of them, an estate for life in the premises, and that they, nor either of them, were entitled to the possession of such premises, nor to any damages for the detention thereof." (p. 376.)

Memorandum Decisions.

The clause was taken from the abstract, and was argued in plaintiff's brief. Although a counter-abstract was filed the statement was not challenged, and its incorporation in the opinion was therefore warranted. It is now stated, however, that the district court did not decide that the reservation in the deed was invalid, and a part of the journal entry is presented showing only a general finding. It therefore appears that the district court did not hold that the reservation of the life estate was void, but that construing the reservation and the oral agreement for support as one contract, the plaintiffs were not, upon all the evidence, entitled to recover the life estate. While we are glad to make this correction, the conclusion reached by this court is not affected.

Objection is made to a statement in the syllabus that "it does not appear that the father was consulted." This clause refers to the time when the defendant ceased to furnish support for his parents, and not to the time when he came from Colorado.

The petition for rehearing is denied.